IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

FILED
JUN 0 2 2008
PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

| | |
|---|---|
| TONY BARNES, | Cause No. CV 08-081-M-DWM-JCL |
| Plaintiff, | |
| vs. | ORDER TO SERVE COMPLAINT BY REQUESTING WAIVER OF SERVICE OF SUMMONS AND FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE |
| MISSOULA COUNTY DETENTION FACILITY, AND BRYON JACOBSON, | |
| Defendants. | *(Defendants see D. Mont. L.R. 12.2)* |

This matter comes before the Court on Plaintiff's Motion to Proceed In Forma Pauperis (Document 1) and a proposed Complaint submitted pursuant to 42 U.S.C. § 1983. (Document 2).

## I. MOTION TO PROCEED IN FORMA PAUPERIS

Plaintiff has submitted a declaration and an account statement which this Court finds sufficient to make the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be **GRANTED**.

The Complaint shall be deemed filed as of the date that the Motion to Proceed In Forma Pauperis was filed and the proposed complaint was delivered to the Clerk of Court. *See Loya v. Desert Sands Unified Sch. Dist.*, 721 F.2d 279, 280-81 (9th Cir. 1983); *see also United States v. Dae Rim Fishery Co.*, 794 F.2d 1392, 1395 (9th Cir. 1986) (concluding complaint constructively filed when delivered to clerk of court).

Notwithstanding his forma pauperis status, Plaintiff is required to pay the statutory filing

ORDER AND FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE -
CV-08-081-M-DWM-JCL / PAGE 1



fee of $350.00 for this action, even if the case is dismissed. *See* 28 U.S.C. § 1915(b)(1), (e)(2). Because the Court does not know the balance in Plaintiff's account today, the initial partial filing fee will be waived. However, Plaintiff must make monthly payments of 20% of the income credited to his account each month. The percentage is set by statute and cannot be altered. *See* 28 U.S.C. § 1915(b)(2). By separate order, the Court will direct the agency having custody of Plaintiff to forward payments to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is paid in full. *See id.*

## II. PLAINTIFF'S COMPLAINT

Pursuant to the federal statute governing proceedings *in forma pauperis*, federal courts must engage in a preliminary screening of cases to assess the merits of the claims. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A; see also Franklin v. Murphy, 745 F.2d 1221, 1226-27 (9th Cir. 1984). The Court must identify cognizable claims, or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted, or if the complaint seeks monetary relief from a defendant who is immune from such relief. Id.

Plaintiff alleges that he is Muslim and consistent with his faith he has requested and been denied a no-pork diet, a prayer rug, a kufi and a Qur'an. He has named Bryon Jacobson and the Missoula County Detention Facility as Defendants. The Court has considered whether the Complaint is frivolous, malicious, fails to state a claim, or seeks solely monetary relief from a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b). It has also considered whether Plaintiff has a reasonable opportunity to prevail on the merits. *See* 42 U.S.C. §

ORDER AND FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE -
CV-08-081-M-DWM-JCL / PAGE 2

1997e(g). After review, the Court concludes that Plaintiff has set forth sufficient facts which, if proven, could raise possible claims against Bryon Jacobson. *See Shakur v. Schriro, 514 F.3d 878 (9th Cir. 2008); Greene v. Solano County Jail, 513 F.3d 982 (9th Cir. 2008).* With liberal construction the Court finds that Plaintiff's allegations warrant a response from Defendant Jacobson.

However, Plaintiff cannot proceed against the Missoula County Detention Facility. The Detention Center is merely a building, it is not a person or legally created entity capable of being sued.[1] Accordingly, it will be recommended for dismissal.

Based upon the foregoing, the Court enters the following:

## ORDER

1. Plaintiff's Motion for Leave to Proceed in forma pauperis (Document 1) is **GRANTED.** The Clerk of Court shall waive prepayment of the filing fee.

2. The Clerk shall edit the text of the docket entry for the Complaint to remove the word "LODGED" and the Complaint is **DEEMED FILED** on May 30, 2008.

3. Pursuant to Fed. R. Civ. P. 4(d), the Court will request Defendant Jacobson to waive

---

[1] *Cf. Allison v. California Adult Authority, 419 F.2d 822, 823 (9th Cir.1969)* [California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983]; Mitchell v. Chester County Farms Prison, 426 F.Supp. 271, 274 (E.D.Pa. 1976); see generally Tyler v. Sullivan, 83 F.3d 433 (10th Cir. 1996) ["The [district] court dismissed the detention facility as a defendant, finding that the facility, a building owned and operated by the county, is not a person or legally created entity capable of being sued."]; Preval v. Reno, 57 F.Supp.2d 307, 310 (E.D.Va. 1999)["[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."] aff'd in part, modified in part on other grounds, vacated in part on other grounds, 203 F.3d 821 (4th Cir. 2000); Brooks v. Pembroke City Jail, 722 F.Supp. 1294, 1301 (E.D.N.C. 1989) ["Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."].

service of summons by executing, or having his counsel execute, the Waiver of Service of Summons. The Waiver must be returned to the Court within **thirty (30) days of the entry date reflected on the Notice of Electronic Filing**. If Defendant Jacobson chooses to return the Waiver of Service of Summons, the answer or appropriate motion will be due within 60 days after the entry date reflected on the Notice of Electronic Filing, pursuant to Fed. R. Civ. P. 12(a)(1)(B). See 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," Defendants are required to respond).

    4. The Clerk of Court shall forward the documents listed below to:

Michael W. Sehestedt
Office of the Missoula County Attorney
Missoula County Courthouse
200 W Broadway
Missoula, MT 59802

- a copy of the Court's docket;
- Plaintiff's Complaint filed May 30, 2008 (Document 2);
- this Order and Findings and Recommendation;
- a Notice of Lawsuit & Request to Waive Service of Summons; and
- a Waiver of Service of Summons;

Should counsel determine that he does not represent Defendant Jacobson in this matter,

ORDER AND FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE -
CV-08-081-M-DWM-JCL / PAGE 4

he should notify the Court's pro se department as soon as possible.

Counsel for Defendant must file a "Notice of Appearance" as a separate document at the time an Answer or Rule 12 motion is filed. See D. Mont. L.R. 12.2.

5. Any party's request that the Court grant relief, make a ruling, or take an action of any kind must be made in the form of a motion, with an appropriate caption designating the name of the motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10, and 11. If a party wishes to give the Court information, such information must be presented in the form of a notice. The Court will not consider requests made or information presented in letter form.

6. Pursuant to Fed. R. Civ. P. 5(a), all documents presented for the Court's consideration must be simultaneously served by first-class mail upon the opposing party or their counsel if the party is represented. Each party shall sign and attach a proper certificate of service to each document filed with the Court. The Certificate of Service must state the date on which the document was deposited in the mail and the name and address of the person to whom the document was sent. The sender must sign the certificate of service.

7. Plaintiff shall not make any motion for default until at least seventy (70) days after the date of this Order.

8. At all times during the pendency of this action, Plaintiff SHALL IMMEDIATELY ADVISE the Court and opposing counsel of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date, except that if Plaintiff

has been released from custody, the notice should so indicate. The notice shall not include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to <u>Federal Rule of Civil Procedure 41(b)</u>.

Further the Court issues the following:

## RECOMMENDATION

The Missoula County Detention Center should be **DISMISSED WITH PREJUDICE.**

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this Findings and Recommendations within ten (10) business days of the date this Findings and Recommendation is entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge.

DATED this 2nd day of June, 2008.

*/s/ Jeremiah C. Lynch*
Jeremiah C. Lynch
United States Magistrate Judge

ORDER AND FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE -
CV-08-081-M-DWM-JCL / PAGE 6

## NOTICE OF LAWSUIT AND REQUEST FOR
## WAIVER OF SERVICE OF SUMMONS

TO:   Michael W. Sehestedt
      Office of the Missoula County Attorney
      Missoula County Courthouse
      200 W Broadway
      Missoula, MT 59802

A lawsuit has been commenced by an incarcerated pro se plaintiff against Bryon Jacobson, an individual who you may represent. A copy of the Complaint is attached to this notice. It has been filed in the United States District Court for the District of Montana, Civil Action No. CV-08-81-M-DWM-JCL. The Court has completed its pre-screening and concludes that Defendant must file a responsive pleading. See 42 U.S.C. § 1997e(c), (g)(2); 28 U.S.C. §§ 1915(e)(2), 1915A(a), (b).

This is not a formal summons or notification from the Court, but rather a request that you sign and return the enclosed waiver of service in order to save the cost of service by the U.S. Marshal's Service. The cost of service will be avoided if you return the signed Waiver of Service of Summons within 30 days after the entry date reflected on the Notice of Electronic Filing of the "Order to Serve Complaint by Requesting Waiver of Service of Summons," which was served with this Notice.

If you comply with this request and return the waiver to the Court, it will be filed with the Court and no summons will be served. The action will then proceed as if you had been served on the date the waiver is filed, except that you must file an answer or appropriate motion before 60 days from the date the Order directing this Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

If you do not wish to waive service on behalf of Defendant Jacobson, please indicate this on the Waiver of Service of Summons form. The Court will, in turn, order the U.S. Marshal's Service to serve the complaint personally on Defendant Jacobson and may impose the full costs of such service.

_____
Jeremiah C. Lynch
United States Magistrate Judge

## WAIVER OF SERVICE OF SUMMONS

TO:   The U.S. District Court for the District of Montana

The following Defendants acknowledge receipt of your request that they waive service of summons in the following action: <u>Tony Barnes v. Jacobson</u>, Civil Action No. CV-08-081-M-DWM-JCL filed in the United States District Court for the District of Montana. Defendants have also received a copy of the Complaint. 1 am authorized by the following Defendants to agree to save the cost of service of a summons and an additional copy of the Complaint in this action by not requiring that the following individuals be served with judicial process in the case provided by <u>Fed. R. Civ. P. 4</u>:

_____; _____;
_____; _____;
_____; _____;

The above-named defendants retain all defenses or objections to the lawsuits or to the jurisdiction or venue of the Court except for objections based on a defect in the summons or in the service of the summons. I understand that judgments may be entered against the above-named defendants if an answer or motion under <u>Fed. R. Civ. P. 12</u> is not served within 60 days after the date the Order directing the Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

I decline to waive service on behalf of the following defendants:

_____; _____;
_____; _____;
_____; _____;

_____      _____
DATE                                SIGNATURE

                                    _____
                                    PRINTED/TYPED NAME

                                    _____

                                    _____
                                    ADDRESS